UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUN 0 7 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-305-GWU

LORENE BUTTREE,                                                     PLAINTIFF,

VS:                       MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Lorene Buttree brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

> 1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).
>
> 2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.
>
> 3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20

1

C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Buttree, a 49 year-old former machine tender with a high school education, suffered from impairments related to degenerative disc disease. (Tr. 16, 18). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 21). Since the claimant's past relevant work could still be performed, she could not be considered totally disabled. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Buttree could return to her past relevant work as a machine tender, the ALJ relied heavily upon the information provided by Vocational Expert Susan Kehoe. The hypothetical question presented to Kehoe included an exertional limitation to medium level work along with such non-exertional restrictions as (1) an inability to sit for more than six hours in an eight-

5

hour time period; (2) an inability to stand for more than four hours a day with rests; (3) an inability to walk for more than four hours a day with rests; (4) an inability to more than occasionally bend, squat, crawl, climb, or reach above shoulder level; and (5) mild limitations with regard to exposure to unprotected heights, being around moving machinery, exposure to marked temperature and humidity changes, driving automobile equipment as well as exposure to dust, fumes, and gases. (Tr. 212-213). In response, Kehoe testified that Buttree's past work could still be performed. (Tr. 213). Therefore, assuming that the vocational factors considered by Kehoe fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The ALJ presented all of the physical restrictions indicated by Dr. Jules Barefoot, an examining consultant. (Tr. 161). Buttree asserts that Dr. Barefoot did not have the benefit of seeing any other medical records. However, the doctor did have access to the report of Dr. Bobby Kidd, another examiner, as well as treatment notes from Dr. Jadhave Kishore. (Tr. 162). Dr. Kidd did not report the existence of more severe physical restrictions than those found by the ALJ. (Tr. 106-111). Dr. David Swan, a non-examining medical reviewer, did not believe that Buttree suffered from a "severe" physical impairment. (Tr. 146). These reports provide substantial evidence to support the administrative decision.

Dr. Kishore did identify far more severe physical restrictions on a May, 2004 Medical Assessment of Ability to do Work-Related Activities Form. (Tr. 177-180). The ALJ noted a number of reasons why Dr. Kishore's opinion was not entitled to superior weight, including the lack of objective physical findings

6

supporting it, the lack of referral for specialized orthopedic or neurological treatment, the lengthy three-month time period between doctor visits, and the lack of abnormal findings in Dr. Barefoot's report. (Tr. 19). This action would appear appropriate. Dr. Kishore based his restrictions on the diagnosis of low back pain *and degenerative joint disease*. A CT Scan of the lumbar spine, ordered by the doctor, indicated some annular bulging at L3-L4, minimal bulging at L4-L5 with no significant protruding of disc material. (Tr. 124). An MRI Scan of the lumbar spine, again ordered by Dr. Kishore, revealed only mild disc bulge with mild flattening of the thecal sac at L4-L5. (Tr. 121). Knee and hip x-rays were normal, however. (Tr. 114, 125). The doctor's most recent physical examination results in May and August of 2004 found no motor or sensory deficit as well as no abnormalities of the extremities. (Tr. 185, 187). Therefore, the ALJ had strong grounds to reject this opinion as binding.

Buttree argues that the ALJ erred in determining that her mental problems were "less than severe." (Tr. 18). The plaintiff notes that Dr. Kishore diagnosed anxiety and a panic disorder. (Tr. 120). However, the mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Dr. Kishore did not identify any specific mental limitations associated with these problems. The record was reviewed by psychologists Lea Perritt (Tr. 91) and Edward Stodola (Tr. 131) and each opined that the claimant's mental problems were "less than severe." Therefore, the ALJ dealt properly with the evidence of record relating to Buttree's mental condition.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

7

entered simultaneously consistent with this opinion.

    This the ___7___ day of June, 2006.

_____<br>
G. WIX UNTHANK<br>
SENIOR JUDGE